UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SILEONI,<br><br>                Plaintiff,<br><br>    v.<br><br>WARDEN RICHARDSON, WARDEN RAMIREZ, WARDEN McKAY, WARDEN WESSEL, ISCI, IMSI, ISCC CASE MANAGERS, and PROGRAM WORKERS,<br><br>                Defendants. | Case No. 1:22-cv-00150-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Maximiliano Sileoni filed a prisoner civil rights action and a request to proceed in forma pauperis on April 4, 2022 (mailbox rule). Dkts. 3, 1. Because of Plaintiff's status as a prisoner requesting authorization to proceed in forma pauperis, the Court must review the Complaint to determine whether it states a claim upon which he can proceed. *See* 28 U.S.C. §§ 1915 and 1915A.

To address the growing trend of frivolous civil rights actions filed by prison inmates, the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), introduced a "three strikes" provision, which precludes a prisoner from filing lawsuits or appeals in forma pauperis if he has previously filed three other actions in federal court that were dismissed on the grounds of frivolousness, maliciousness, or failure to state

a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(g). The only exception is that a prisoner with three strikes may be permitted to file an in forma pauperis action if he appears to be "under imminent danger of serious physical injury." *Id*. If he is not in such danger, then he must pay the $402 filing fee at the time of filing.

Plaintiff's case history shows that, prior to the date he filed the Complaint in this action, he brought three civil actions that were dismissed for failure to state a claim or frivolousness. As a result, he is subject to the three strikes rule under 28 U.S.C. § 1915(g).

Plaintiff's cases that fit within the § 1915(g) prohibition are as follows:

- Case No. 20-cv-00500-DCN, *Sileoni v. State of Idaho*, was dismissed as frivolous on December 7, 2020. Dkt. 7.

- The appeal from dismissal of Case No. 20-cv-00500-DCN was also determined to be frivolous on October 14, 2021. Dkt. 15.

- Case No. 20-cv-00501-BLW, *Sileoni v. ISCI Paralegal*, was dismissed for failure to state a claim on April 20, 2021. Dkt. 9.

- Case No. 20-cv-502-DCN, *Sileoni v. Thomson*, was dismissed for failure to state a claim on June 3, 2021. Dkt. 18.

- Case No. 20-cv-00508-BLW, *Sileoni v. IDOC Staff*, was dismissed as frivolous on January 1, 2021. Dkt. 15.

- Case No. 20-cv-00557-DCN, *Sileoni v. Idaho Parole Board*, was dismissed for failure to state a claim on September 1, 2021. Dkt. 14.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

- Case No. 21-cv-00006-BLW, *Sileoni v. Shelby*, was dismissed for failure to state a claim on November 5, 2021. Dkt. 12.

- Case No 21-cv-00038-DCN, *Sileoni v. IRS*, was dismissed for failure to state a claim on February 25, 2022. Dkt. 14.

In the current case, Plaintiff alleges as follows:

> For the last 10 year's I been in a single cell 24 hour's lock inside of it, all this warden and all of ISCC, IMSI, ISCI case manager and their program worker are not letting me go to PC unit or general population ow custody I been in prison 12 year straight, and I have spend 10 year's now in a single cell, 24 hour a day I beg all this warden and case managers to let me go to general population PC, and they don't do it Im mentaly sick of being in a single cell in a 24 hour lock down, this people are killing me mentaly.

(Dkt. 3, p. 2 (verbatim).) The Court notes that Plaintiff has had trouble with exhibitionism and sexual harassment of correctional officers and medical staff in his history, which may affect where Plaintiff can be housed. *See, e.g.,* Case No. 1:20-cv-508-BLW, *Sileoni v. IDOC Staff;* Case No. 1:22-cv-230, *Sileoni v. Hammon, et al*. Regardless of Plaintiff's prison behavior, it is important to ensure that Plaintiff's housing does not amount to cruel and unusual punishment.

In an effort to determine whether Plaintiff is under imminent danger of serious physical injury, which would permit him to bypass the three strikes requirement of having to pay the filing fee for this action, additional factual information is necessary to properly review this matter. The Court will order Defendants to provide a Martinez report to briefly address Plaintiff's allegations. In *Martinez v. Aaron*, 570 F.2d 317 (10th Cir.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

1978), the trial court ordered (before answer) that the prison officials conduct an investigation of the incident to include an interrogation of those concerned, and file a report with the court, to enable the court to decide the jurisdictional issues and make a screening determination under § 1915(a). *Id*. at 319. The Ninth Circuit approved the use of *Martinez* reports in *In re Arizona*, 528 F.3d 652, 659 (9th Cir. 2008).

All relevant exhibits addressing these issues that are requested by the Court or identified by Defendants or counsel, should be attached to the report. The Martinez report shall be filed within 60 days. Plaintiff may file a response to the Martinez report within 30 days after receiving it. Thereafter, the Court will issue a successive review order determining whether Plaintiff has stated an urgent claim under the Eighth Amendment upon which he can proceed in forma pauperis.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion for in Forma Pauperis Status (Dkt. 1) is DENIED without prejudice.

2. Within **60 days** after entry of this Order, Defendants shall make a limited special appearance and provide the following to Plaintiff and the Court in the form of a Martinez report: (1) a copy of Plaintiff's relevant mental health and prison records; (2) a copy of his grievances and grievance appeals regarding the claims of lack of mental health treatment and isolated prison conditions; and (3) a short statement on the current status of his mental health conditions and a description/response regarding his living conditions.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

3. Within **30 days** after the filing of the Martinez report, Plaintiff may file a response to the Report.

4. The Clerk of Court shall provide an electronic copy of this Order, the Complaint (Dkt. 3, to Deputy Attorney General Karin Magnelli at her registered CM/ECF addresses.

DATED: September 13, 2022

B. Lynn Winmill
U.S. District Court Judge

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 5**