UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MAXIMILIANO SILEONI,<br><br>                Plaintiff,<br><br>   v.<br><br>WARDEN RICHARDSON, WARDEN RAMIREZ, WARDEN McKAY, WARDEN WESSEL, ISCI, IMSI, ISCC CASE MANAGERS, and PROGRAM WORKERS,<br><br>                Defendants. | Case No. 1:22-cv-00150-CWD<br><br>**SUCCESSIVE REVIEW ORDER** |

      This case was reassigned to this Court when all named parties consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. Dkt. 9. *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

      On September 13, 2022, United States District Judge B. Lynn Winmill entered an Order finding that Plaintiff Maximiliano Sileoni had accrued "three strikes," precluding him from filing lawsuits or appeals in forma pauperis. *See* 28 U.S.C. § 1915(g). Judge Winmill also reviewed the case to determine whether Plaintiff fit the exception to that rule, which is that a prisoner with three strikes may be permitted to proceed in forma pauperis if he appears to be "under imminent danger of serious physical injury." *Id.*

      In the current case, Plaintiff alleges as follows:

> For the last 10 year's I been in a single cell 24 hour's lock inside of it, all this warden and all of ISCC, IMSI, ISCI case manager and their program worker are not letting me go to PC unit or general population ow custody I been in prison 12 year straight, and I have spend 10 year's now in a single cell, 24 hour a day I beg all this warden and case managers to let me go to general population PC, and they don't do it Im mentaly sick of being in a single cell in a 24 hour lock down, this people are killing me mentaly.

Dkt. 3, p. 2 (verbatim).

Judge Winmill noted that Plaintiff has had trouble with exhibitionism and sexual harassment of correctional officers and medical staff in his history, which may affect where Plaintiff can be housed. *See, e.g.,* Case No. 1:20-cv-508-BLW, *Sileoni v. IDOC Staff;* Case No. 1:22-cv-230, *Sileoni v. Hammon, et al*. Regardless of Plaintiff's prison behavior, however, it is important to ensure that Plaintiff's housing does not amount to cruel and unusual punishment.

To help determine whether Plaintiff was under imminent danger of serious physical injury, Judge Winmill ordered Defendants to provide a Martinez report to briefly address Plaintiff's allegations. Dkt. 6. In *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), the trial court ordered that the prison officials conduct an investigation of the incident to include an interrogation of those concerned and file a report with the court to aid the screening determination under § 1915(a). *Id*. at 319. The Ninth Circuit approved the use of Martinez reports in *In re Arizona*, 528 F.3d 652, 659 (9th Cir. 2008).

The Martinez report filed by Defendants here shows that Plaintiff has been assigned to an administrative segregation (AdSeg) housing unit over the past two years due to his own preferences and his inappropriate sexual behavior towards staff. Dkt. 7,

**SUCCESSVIE REVIEW ORDER - 2**

pp. 7-9. He has received instructions on how to request placement in different housing. He receives visits by security staff every 30 minutes, visits from a shift commander at least daily, and visits from medical staff several times weekly. Plaintiff has not complained of being "mentally sick of being in a single cell" during any of these visits. *Id.*, p. 10.

Plaintiff has filed at least 110 Health Service Requests since January 1, 2021, demonstrating that he knows how to ask for help when he needs it. Dkt. 7-2, Declaration of Chief Psychologist Walter Campbell, ¶ 14. When visiting face-to-face with clinical staff on August 3, 2022, Plaintiff reported that he "was fine at this time," and on August 25, 2022, he presented to the clinician normal, compliant, and unremarkable. Dkt. 7-2, Exhibit A, pp. 1, 7-9, 12; Dkt. 7, pp. 10-11.

Plaintiff did not respond to or contest the Martinez report. It is clear from the Martinez report that Plaintiff is not "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Therefore, this case will be dismissed without prejudice to Plaintiff re-opening the case by paying the filing fee within 14 days. Should Plaintiff fail to pay the filing fee by the deadline, judgment will be entered and this case will be closed.

## ORDER

**IT IS ORDERED:**

1. This case is DISMISSED without prejudice.
2. Plaintiff must pay the filing fee of $402 within 14 days. If he does so, the Clerk of Court shall re-open this case. If he does not, judgment will be entered and this case will be closed without further notice.

**SUCCESSVIE REVIEW ORDER - 3**

DATED: May 19, 2023

_____

Honorable Candy W. Dale
United States Magistrate Judge

**SUCCESSVIE REVIEW ORDER - 4**